[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR MODIFICATION DATED AUGUST 10, 1992 (No. 117.09)
The plaintiff moves that the current orders for support in the amount of $200.00 per week, $54.19 per week in CT Page 9251 school tuition and $40.00 per week toward an arrearage of $13,000.00 plus, be modified because of a substantial change in the plaintiff's financial circumstances. When this matter was heard by the court on April 15, 1992, the plaintiff was earning $675.00 per week and a net of $518.33. At that time, the plaintiff was the manager of Fair Auto Supply, Inc. of Westport located in Norwalk. Effective July 1, 1992, he was no longer the manager of Fair Auto Supply and became an outside salesman for Fair Auto Supply earning a gross of $450.00 per week and a net of $374.00 per week.
The plaintiff's motion is brought pursuant to the provisions of 46b-86(a) of the General Statutes. Since it involves an issue of support, the court must consider the provisions of 46b-84 and the provisions of 46b-215b(b) of the General Statutes. The court finds that the reduction in the plaintiff's pay represents a substantial change in his financial circumstances and that the plaintiff has sustained his burden of proof entitling him to a modification.
The original decree provided that the plaintiff shall pay for parochial grammar school and parochial high school tuition, transportation and books for the minor children. This expense for a ten month period is $54.19 per week, the same amount as found by Judge Karazin in his memorandum of April 15, 1992. The court finds that this is an extraordinary education expense and the court finds that it would be inequitable or inappropriate to apply the family support guidelines in view of such extraordinary education expenses. The guidelines would provide for a figure of $153.00 support. In view of the education expense, the court finds an amount of $123.00 per week to be a fair and equitable amount by way of support.
Judge Karazin ordered $40.00 per week to be paid on the arrearage. The court finds that in view of the $225.00 per week reduction in the plaintiff's gross salary that an amount of $20.00 per week on the arrearage is a fair and more equitable amount.
The court, therefore, modifies the present orders as follows:
1. The plaintiff shall pay the defendant $123.00 per week by way of support.
CT Page 9252 2. The plaintiff shall pay the defendant $54.19 per week by way of school tuition.
3. The plaintiff shall pay the defendant $20.00 per week on the arrearage.
This is a total payment of $197.19 for the period of time the tuition is paid. When the tuition is not being paid, the total payment will be $143.00.
A new wage execution shall issue for the amounts set forth above.
Orders shall enter in accordance with the foregoing effective September 3, 1992. These amounts paid since that date in excess of the foregoing orders shall be applied to the arrearage.
EDGAR W. BASSICK, III, JUDGE